FILED

2017 FEB 15 PM 2:39

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO.: 2:17-cr-10-FtM-29CM

ATTILA KALMAR

26 U.S.C. § 7212(a)
18 U.S.C. § 1341
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C) (Forfeiture)
28 U.S.C. § 2461(c) (Forfeiture)
18 U.S.C. § 982(a)(1) (Forfeiture)

## INDICTMENT

The Grand Jury charges:

At times material to this Indictment:

## INTRODUCTION

1. ATTILA KALMAR resided in Lee County, Florida, within the Middle District of Florida.

2. KALMAR used First AK-Open Sec Trust as a nominee entity to open bank accounts and to file tax returns.

3. KALMAR used Peninsular Agricultural Trust as a nominee entity to open a bank account and to purchase real property.

4. KALMAR used Florida Property Management, Inc., as a nominee entity to open a bank account.

5. The Internal Revenue Service ("IRS") was and is an agency of the United States Department of Treasury responsible for administering the tax laws of the United States and for the collection of taxes owed to the United States.

**COUNT ONE**
**Corrupt Endeavor to Impede the Internal Revenue Laws**
**(26 U.S.C. § 7212(a))**

6. The allegations contained in Paragraphs 1 through 5 of the Introduction of this Indictment are realleged and incorporated as if fully set forth herein.

7. From on or about August 25, 2011, and continuing up to and including January 2, 2014, in the Middle District of Florida and elsewhere,

ATTILA KALMAR,

the defendant herein, did corruptly endeavor to obstruct and impede the internal revenue laws by, among others, the following:

a. Filing, and causing to be filed, "U.S. Income Tax Returns for Estates and Trusts," Forms 1041 ("Form 1041"), that falsely reported withholdings for various nominee entities in order to fraudulently obtain tax refunds;

b. Opening and using bank accounts held in the names of nominee entities to deposit fraudulently obtained tax refunds;

c. Depositing and transferring fraudulently obtained tax refunds in the bank accounts held in the names of nominee entities;

d. Using the fraudulent tax refunds to purchase gold coins and real property and to wire money overseas; and

e. Filing a "Notice of Fiduciary Relationship," IRS Form 56 ("Form 56"), with the IRS that falsely claimed an IRS revenue officer as a fiduciary of the nominee trust.

**Corrupt Acts**

Among the corrupt acts taken by ATTILA KALMAR were the following:

8. On or about August 25, 2011, ATTILA KALMAR opened a BB&T account ending in 3661 in the name of First AK-Open Sec Trust and listed himself as the trustee and sole signatory on the trust's account.

9. On or about February 21, 2012, ATTILA KALMAR filed, and caused to be filed, a false Form 1041 in the name of First AK-Open Sec Trust for tax year 2007 that falsely reported $142,210 in income and falsely claimed a refund in that same amount.

10. On or about February 21, 2012, ATTILA KALMAR filed, and caused to be filed, a false Form 1041 in the name of First AK-Open Sec Trust for tax year 2008 that falsely reported $274,019 in income and falsely claimed a refund in that same amount.

11. On or about February 21, 2012, ATTILA KALMAR filed, and caused to be filed, a false Form 1041 in the name of First AK-Open Sec Trust for tax year 2009 that falsely reported $67,105 in income and falsely claimed a refund in that same amount.

12. On or about July 13, 2012, ATTILA KALMAR deposited a United States Treasury check in the amount of $274,019 into the BB&T account ending in 3661 held in the name of First AK-Open Sec Trust.

13. On or about July 31, 2012, ATTILA KALMAR opened a BB&T account ending in 6289 in the name of First AK Open Sec Trust and listed himself as the trustee and sole signatory on the trust's account.

14. On or about July 31, 2012, ATTILA KALMAR transferred $247,756.79 from the BB&T account ending in 3661 into the BB&T account ending in 6289.

15. On or about August 2, 2012, ATTILA KALMAR wrote check number 93 for $20,008.00 payable to himself from the BB&T account ending in 6289, held in the name of First AK Open Sec Trust.

16. On or about August 2, 2012, ATTILA KALMAR used funds from the BB&T account ending in 6289 to purchase a BB&T official check, number 5004292442, in the amount of $200,000.00 payable to Bank of America.

17. On or about September 13, 2012, ATTILA KALMAR exchanged BB&T official check, number 5004292442, in the amount of $200,000.00, payable to Bank of America, for BB&T official check, number 5004292474, in the amount of $200,000.00, payable to Chase Bank.

18. On or about September 13, 2012, ATTILA KALMAR opened Chase account ending in 8175 in the names of Peninsular Agricultural Trust and Florida Property Management, Inc., as trustee of Peninsular Agricultural Trust, and listed himself as the sole signatory on the account.

19. On or about September 13, 2012, ATTILA KALMAR deposited BB&T official check, number 5004292474, in the amount of $200,000.00 payable to Chase Bank into the Chase account ending in 8175 held in the name of Peninsular Agricultural Trust.

20. On or about September 24, 2012, ATTILA KALMAR wired $12,000 from the Chase account ending in 8175 to the Central European International Bank in Budapest, Hungary.

21. On or about October 15, 2012, ATTILA KALMAR wrote two checks, both in the amount of $8,500 on the Chase account ending in 8175, for the purchase of a mobile home and real property located at 10921 Pioneer Road, North Fort Myers, Florida 33917.

22. On or about February 1, 2013, ATTILA KALMAR used funds from the Chase account ending in 8175 to purchase Chase cashier's check, number 9542300972, in the amount of $24,270.17 payable to APMEX for the purchase of gold coins.

23. On or about March 4, 2013, ATTILA KALMAR used funds from the Chase account ending in 8175 to purchase Chase cashier's check, number 9539000731, in the amount of $14,160.65 payable to APMEX for the purchase of gold coins.

24. On or about March 14, 2013, ATTILA KALMAR mailed correspondence to IRS demanding payment of $872,057.00 to First AK-Open Sec Trust.

25. On or about March 25, 2013, ATTILA KALMAR mailed correspondence to IRS again demanding payment of $872,057.00 to First AK-Open Sec Trust.

26. On or about April 11, 2013, ATTILA KALMAR used funds from the Chase account ending in 8175 to purchase Chase cashier's check, number 9542301205, in the amount of $3,419.95 payable to APMEX for the purchase of gold coins.

27. On or about April 11, 2013, ATTILA KALMAR used funds from the Chase account ending in 8175 to purchase Chase cashier's check, number 9542301206, in the amount of $6,519.95 payable to APMEX for the purchase of gold coins.

28. On or about August 5, 2013, ATTILA KALMAR wired $50,858.00 from Chase account ending in 8175 to North American Title Company for the purchase of real property located at 10721 Pioneer Road, North Fort Myers, Florida 33917, which he titled in the name Peninsular Agricultural Trust.

29. On or about December 17, 2013, ATTILA KALMAR mailed to an IRS revenue officer a Form 56, falsely claiming that the revenue officer was the new trustee for First AK-Open Sec Trust and identifying the revenue officer's work address as the mailing address of First AK-Open Sec Trust.

30. On or about January 2, 2014, ATTILA KALMAR mailed a false Form 56 to the IRS that falsely claimed that the revenue officer was the new trustee for First AK-Open Sec Trust and used the revenue officer's work address as the mailing address.

All in violation of 26 U.S.C. § 7212(a).

## COUNTS TWO THROUGH FOUR
**Mail Fraud**
**(18 U.S.C. § 1341)**

31. The allegations contained in Paragraphs 1 through 5 of the Introduction of this Indictment are realleged and incorporated as if fully set forth herein.

**The Scheme and Artifice to Defraud**

32. From on or about August 25, 2011, and continuing up to and including January 2, 2014, in the Middle District of Florida and elsewhere,

ATTILA KALMAR,

the defendant herein, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means of Scheme and Artifice to Defraud**

33. It was part of the scheme and artifice to defraud that the defendant would and did open bank accounts in the names of nominee entities and identify himself as the sole signatory on the accounts.

34. It was further part of the scheme and artifice to defraud that the defendant would and did mail, and caused to be mailed, Forms 1041 that falsely reported withholdings for various nominee entities in order to fraudulently obtain tax refunds.

35. It was further part of the scheme and artifice to defraud that the defendant would and did deposit fraudulently obtained tax refunds in the bank accounts held in the names of nominee entities.

**The Mailings**

36. On or about February 21, 2012, in the Middle District of Florida and elsewhere,

ATTILA KALMAR,

the defendant herein, for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by mail and private and commercial interstate carrier any matter or thing according to the direction thereon to the IRS, namely, false and fraudulent Forms 1041, in the names of the following trusts for the following tax years and claiming refunds in the amounts listed below:

| Count | Trust Name | Mailing |
|---|---|---|
| **Two** | First AK-Open Trust | 2007 Form 1041 claiming a refund of $142,210 sent, via the U.S. Postal Service, from Cape Coral, Florida, to Covington, Kentucky. |
| **Three** | First AK-Open Sec Trust | 2008 Form 1041 claiming a refund of $274,019 sent, via the U.S. Postal Service, from Cape Coral, Florida, to Covington, Kentucky. |

| | | |
|---|---|---|
| **Four** | First AK-Open Sec Trust | 2009 Form 1041 claiming a refund of $67,105 sent, via the U.S. Postal Service, from Cape Coral, Florida, to Covington, Kentucky. |

All in violation of 18 U.S.C. § 1341.

**COUNTS FIVE THROUGH EIGHT**
**Prohibited Monetary Transactions**
**(18U.S.C. § 1957)**

37. The allegations contained in Paragraphs 1 through 5 of the Introduction of this Indictment are realleged and incorporated as if fully set forth herein.

38. On or about the dates set forth below, in the Middle District of Florida and elsewhere,

ATTILA KALMAR,

the defendant herein, did knowingly engage and attempt to engage in the below described monetary transactions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of 18 U.S.C. § 1341, as charged in Counts Two through Four.

| **Count** | **Date** | **Monetary Transaction** |
|---|---|---|
| **Five** | September 13, 2012 | KALMAR deposited BB&T official check number 5004292474 in the amount of $200,000.00 into Chase account ending in 8175 in the name of Peninsular Agricultural Trust. |

| | | |
|---|---|---|
| **Six** | September 24, 2012 | KALMAR wired $12,000 from Chase account ending in 8175 in the name of Peninsular Agricultural Trust to the Central European International Bank in Budapest, Hungary. |
| **Seven** | February 1, 2013 | KALMAR purchased Chase cashier's check number 9542300972 for $24,270.17 payable to APMEX for the purchase of gold coins. |
| **Eight** | August 5, 2013 | KALMAR wired $50,856 from Chase account ending in 8175 in the name of Peninsular Agricultural Trust to North American Title Company for the purchase of real property located at 10721 Pioneer Road, North Fort Myers, Florida 33917. |

All in violation of 18 U.S.C. § 1957.

**FORFEITURE**

1. The allegations contained in Counts Two through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).

2. Upon conviction of a violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of a violation of 18 U.S.C. § 1957, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

a. A forfeiture money judgment of $274,019.00, representing the amount of proceeds obtained as a result of the mail fraud scheme charged in Counts Two through Four;

b. Seventy-seven $5 Indian Head Gold Half Eagle coins, one Persian Gold Daric Fifth Century BC NGC Ch VF, and one Macedonia Gold Stater of Alexander III (336-323 BC) NGC Ch XF; and

c. The real property located at 10921 Pioneer Road, North Fort Myers, Florida 33917, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

> The West half of the Northwest quarter of the Northwest quarter of the Northeast quarter of the Northeast quarter of the Southeast quarter of Section 14, Township 43 South, Range 25 East, Lying East of Palm Creek A/K/A Lot 29, Palm Creek Park, Lee County, Florida.

Together with 1985 Clas Mobile Home, Title # 50054710, ID # GD0FL398410886.

Parcel Number: 14-43-25-00-00008.0110; and

d. The real property located at 10721 Pioneer Road, North Fort Myers, Florida 33917, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

> The North half of the East half of the East half of the Northwest quarter of the Southeast quarter of Section 14, Township 43 South, Range 25 East, Lee County.

Parcel Number: 14-43-25-00-00007.0020.

5. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

A TRUE BILL,

Foreperson

A. LEE BENTLEY, III
United States Attorney

By:
Kathryn A. Kimball
Trial Attorney
Southern Criminal Enforcement Section
Tax Division, Department of Justice

William M. Montague
Trial Attorney
Southern Criminal Enforcement Section
Tax Division, Department of Justice

Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
APR 1991

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

ATTILA KALMAR

**INDICTMENT**

Violations:

26: U.S.C. § 7212(a)
18: U.S.C §§ 1341 and 1957
18: U.S.C. § 981(a)(1)(C) (Forfeiture)
28: U.S.C. § 2461 (C) (Forfeiture)
18: U.S.C.§ 982(a)(1) (Forfeiture)

A true bill,

Foreperson

Filed in open court this 15th day

Of February, 2017.

Clerk

Bail $____________